# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

FEDERATED MUTUAL
INSURANCE COMPANY,

     Plaintiff,

vs.                                         CASE NO. CV-08-J-0770-NE

AVANS MACHINE
& TOOL, STEVE AVANS
and PAM AVANS,

     Defendants.

## MEMORANDUM OPINION

     Pending before the court are cross-motions for summary judgment.  Plaintiff/ counter defendant Federated Mutual Insurance Company ("Federated") filed a motion for summary judgment (doc. 23), a brief in support of motion for summary judgment (doc. 24), and evidentiary submissions in support of summary judgment (doc. 25). Defendants/ counter plaintiffs Avans Machine & Tool, Steve Avans and Jeff Avans d/b/a Avans Machine & Tool, Pam Avans, and Nova Hopkins filed a response (doc. 30) and evidentiary submissions (doc. 31).  Plaintiff filed a reply (doc. 32).

     Defendants filed a "Brief in Support of Defendant/ Counter Plaintiffs' Contention that the Federated Policy Provides UM/UIM Coverage Insured" and

evidentiary submissions in support thereof (doc. 22).[1]  Plaintiff filed a response (doc. 28) and evidentiary submissions (doc. 29).

Additional counsel appeared on behalf of all defendants (docs. 33, 35) and filed a supplemental brief opposing plaintiff's motion for summary judgment (doc. 39). Plaintiff filed a response (doc. 40) to the supplemental brief.

Having considered all the pleadings and submissions, the court concludes that defendants' motion for summary judgment is due to be granted as no genuine issues of material fact remain and defendants are entitled to a judgment in their favor as a matter of law.

## I. Procedural History

Federated commenced this action by filing a complaint for declaratory judgment (doc. 1) against defendants, requesting the court to declare that Federated has no coverage responsibilities for any claims asserted or to be asserted under the Federated insurance policy at issue.  Defendants filed an answer and counterclaim (doc. 8), asserting a breach of contract claim and bad faith claim.  This court, in its amended scheduling order (doc. 21), bifurcated the declaratory judgment action and the counterclaims, ruling that discovery on the counterclaims shall proceed only if the

---

[1] Defendants did not label these materials as a motion for summary judgment, but the court treats it as such.

court determines that coverage exists under the policy at issue.[2]

## II. Factual Background

Federated issued a Commercial Package Policy numbered 2055926 to Avans Machine & Tool. Policy, Exhibit Q to Federated's Summary Judgment. The policy was effective from July 7, 2005, until July 7, 2006. *Id.* Avans Machine & Tool is owned and operated by Steve Avans and Jeff Avans, who are equal partners with equal ownership interests. Steve Avans' Depo. at 23-24, Exhibit A to Federated's Summary Judgment; Partnership Agreement, Exhibit A to Defendants' Summary Judgment.

On April 23, 2006, Steve Avans, Pam Avans, and Nova Hopkins were involved in a car accident at the intersection of Pulaski Pike and Monroe Road in Huntsville, Alabama.[3] Steve Avans' Depo. at 111-13, Exhibit A to Federated's Summary Judgment; Accident Report, Exhibit B to Federated's Summary Judgment. Steve Avans was driving Ms. Avans and Ms. Hopkins to church in Ms. Hopkins' 1989 Oldsmobile Cutlass when they were struck by a 2002 Ford Ranger being operated by Jack Loy. Steve Avans' Depo. at 119, Exhibit A to Federated's Summary Judgment;

---

[2] Accordingly, this memorandum opinion only addresses the matters related to the declaratory judgment action.

[3] Jeff Avans was not involved in the accident on April 23, 2006. *See* Accident Report, Exhibit B to Federated's Summary Judgment.

Accident Report, Exhibit B to Federated's Summary Judgment. The impact knocked Ms. Hopkins' vehicle off the road, eventually landing upside down in a creek. Steve Avans' Depo. at 113-14, Exhibit A to Federated's Summary Judgment. As a result of the accident, Steve Avans, Pam Avans, and Nova Hopkins suffered various physical injuries. Steve Avans' Depo. at 122-26, Exhibit A to Federated's Summary Judgment. Steve Avans and Pam Avans recovered a total of $200,000, or $100,000 each, from Alfa, the insurer of Mr. Loy. Steve Avans' Release, Exhibit E to Federated's Summary Judgment; Pam Avans' Release, Exhibit F to Federated's Summary Judgment; Steve Avans' Depo. at 160, Exhibit A to Federated's Summary Judgment; Pam Avans' Depo. at 58, Exhibit C to Federated's Summary Judgment.

On May 11, 2006, Federated sent a letter to Steve Avans stating that there was no Uninsured/Underinsured Motorist ("UM/UIM") Coverage under Avans Machine & Tool's Business Auto Policy for any claims arising from the accident on April 23, 2006. May 11, 2006, Letter, Exhibit J to Federated's Summary Judgment. This denial occurred before the Avans asserted a claim under the policy. *Id.*; Steve Avans' Depo. at 166-67, Exhibit A to Federated's Summary Judgment. Correspondence between Federated and defendants' counsel regarding whether coverage existed continued until April 24, 2008. *See* August 20, 2007, Letter, Exhibit K to Federated's Summary Judgment; August 20, 2007, Letter, Exhibit L to Federated's Summary

Judgment; October 26, 2007, Letter, Exhibit M to Federated's Summary Judgment; November 9, 2007, Letter, Exhibit N to Federated's Summary Judgment; November 16, 2007, Letter, Exhibit O to Federated's Summary Judgment; April 24, 2008, Letter, Exhibit P to Federated's Summary Judgment. On April 30, 2008, Federated then filed this declaratory judgment action to determine the UM/UIM coverage issues under its policy issued to Avans Machine & Tool. *See* Complaint.

Several provisions of the policy are pertinent to the issue of coverage. The Declarations Page of the Federated policy provides as follows:

> NAMED INSURED AND MAILING ADDRESS
>
> **AVANS MACHINE AND TOOL**
> **\* STEVE AVANS AND JEFF AVANS**
> **25490 ALA HWY 79**
> **SCOTTSBORO, AL 35768**
>
> RISK ADDRESS (if different than above):
> POLICY PERIOD: from **07-07-2005** to **07-07-2006**     12:01 A.M. Standard time at the designated business premises
>
> BUSINESS OPERATIONS:
> OPERATES AS: **Partnership**

Declarations Page, Exhibit R[4] to Federated's Summary Judgment. Furthermore, the

---

[4] Although Federated submitted the entire insurance policy with its summary judgment motion and labeled such as Exhibit Q, it also submitted individual excerpts from the policy, such as the Declarations Page, and labeled them with subsequent letters. Therefore, unless this court generally refers to the policy, it will not cite to Exhibit Q, but instead will cite to the more specific page title and its respective exhibit letter.

Commercial Package Policy Endorsement states that:

> The first Named insured shown in the Declarations includes the person(s) or organization(s) designated below, subject to the following additional Common Policy Conditions:
>
> * * * *
>
> **Names of Additional Named Insureds:**

| Entity No. | Name of Insured | Entity Type | F.E.I.N |
|---|---|---|---|
| 1 | AVANS MACHINE AND TOOL | Partnership | 63-0997493 |
| 1 | STEVE AVANS AND JEFF AVANS DBA | Partnership | 63-0997493 |

Commercial Package Policy Endorsement, Exhibit S to Federated's Summary Judgment. The general coverage section under the policy, found in the Alabama Uninsured Motorists Coverage Endorsement to the Business Auto Coverage Form, provides as follows:

> **A. Coverage**
>
> 1. We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".
>
> * * * *
>
> **B. Who is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

> a. The Named Insured and any "family members".[5]
>
> b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
>
> c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

> a.  Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
>
> b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

\* \* \* \*

Alabama Uninsured Motorists Coverage Endorsement, Exhibit T to Federated's Summary Judgment.

---

[5] The definition of "family member" is "a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child." Alabama Uninsured Motorists Coverage Endorsement, Exhibit T to Federated's Summary Judgment.

### III. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; Fed.

R. Civ. Pro. 56(e).  In meeting this burden the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  That party must demonstrate that there is a "genuine issue for trial."  Fed. R. Civ. Pro. 56(e); *Matsushita*, 475 U.S. at 587.  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact.  A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)).  A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment.  *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).  However, the court should not make credibility determinations, nor weigh the parties' evidence.  *See Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000).

## IV. Legal Analysis

*Steve Avans and Pam Avans are Covered by the Federated Policy*

Several general rules govern the court's interpretation of the insurance policy at issue. It is well established that where there is ambiguity in the language of an insurance policy it must be strictly construed against the drafter and liberally in favor of the insured. *Mega Life and Health Ins. Co. v. Pieniozek*, 516 F.3d 985, 992 (11th Cir. 2008) (citing *Twin City Fire Ins. Co. v. Alfa Mutual Ins. Co.*, 817 So.2d 687, 695 (Ala. 2001); *Home Indemnity Co. v. Employers National Ins. Co.*, 564 So.2d 945, 947 (Ala. 1990); *Guaranty Nat'l Ins. Co. v. Marshall County Bd. of Educ.*, 540 So.2d 745, 748 (Ala. 1989); *Jordan v. National Accident Ins. Underwriters, Inc.*, 922 F.2d 732, 735 (11th Cir. 1991) ("'[I]f an insurance contract provision is subject to more than one interpretation, it should be construed in favor of coverage, and against the insurer.'") (quoting *Colbert Co. Hospital Bd. v. Bellefonte Ins. Co.*, 725 F.2d 651, 654 (11th Cir. 1984)). The issue of whether a contract is ambiguous or unambiguous is a question of law for the court to decide. *Mega Life and Health Ins. Co.*, 516 F.3d at 991 (citing *State Farm Fire and Casualty Co. v. Slade*, 747 So.2d 293, 308 (Ala. 1999)).

Federated argues that the partnership, Avans Machine & Tool, is a separate entity from its partners, Steve Avans and Jeff Avans, and as such, the Federated policy provides UM/UIM coverage for the partnership entity only. Federated's

Summary Judgment Brief at 13.  It further asserts that because the Declarations Page states that the business operates as a partnership, Section B.2. of the Alabama Uninsured Motorists Coverage Endorsement to the Business Auto Coverage Form, as quoted *supra*, applies and precludes coverage for Steve Avans and Pam Avans. *Id.* at 14-15.  This court disagrees.

Because Steve Avans and Jeff Avans are listed individually in the Declarations Page, Exhibit R to Federated's Summary Judgment, and listed individually with the abbreviation, "DBA," beside their names in the Commercial Package Policy Endorsement, Exhibit S to Federated's Summary Judgment, there is ambiguity with regard to the coverage issue.  *See* Alabama Uninsured Motorists Coverage Endorsement, Exhibit T to Federated's Summary Judgment.  Under Alabama law if an insurance contract is subject to more than one interpretation, it is ambiguous, and when there is an ambiguity, the law provides that the policy should be interpreted in favor of the insured to create coverage.  *See Twin City Fire Ins. Co., Inc. v. Ohio Casualty Ins. Co., Inc.*, 480 F.3d 1254, 1264 (11th Cir. 2007) (stating that "Alabama law instructs that ambiguities in insurance contracts are to be interpreted in favor of the insured") (quoting *Jordan v. National Accident Ins. Underwriters, Inc.*, 922 F.2d 732, 734 (11th Cir. 1991)).  *See also Colbert Co. Hospital Bd. v. Bellefonte Ins. Co.*, 725 F.2d 651, 654 (11th Cir. 1984).  Therefore, the court concludes that Steve Avans

and Jeff Avans are covered under the policy. Furthermore, Pam Avans satisfies the definition of a "family member"[6] under Section B.1.a. of the Alabama Uninsured Motorists Coverage Endorsement, Exhibit T to Federated's Summary Judgment, so she is provided with UM/UIM coverage under the Federated policy.

The Montana Supreme Court recently issued a persuasive opinion that is analogous to the current facts. In *Modroo v. Nationwide Mutual Fire Ins. Co.*, 191 P.3d 389, 404 (Mont. 2008), the Montana Supreme Court ruled that the lower court erred when it interpreted a commercial liability policy as providing coverage to the partnership and not to the individuals. Similar to the Federated policy, the policy in *Modroo* contained a Declarations Page listing three individuals that were doing business as "Modroo Farm" and stating that the "form of business" was a partnership.[7] *Id.* at 393. The Montana Supreme Court held that "[b]y specifically

---

[6] The definition of "family member" is "a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child." Alabama Uninsured Motorists Coverage Endorsement, Exhibit T to Federated's Summary Judgment. Pam Avans is married to Steve Avans, and she is a resident of his household. Steve Avans' Depo. at 11, Exhibit A to Federated's Summary Judgment

[7] In *Modroo*, the court stated that the "Business Auto Coverage Form Declarations listed the Named Insured as:

CASSIUS H & MARY J HARDY &

HARRY MODROO

DBA MODROO FARM

naming the individual partners as separate persons in the Named Insured block, a reasonable interpretation of the policy is that Nationwide designated Mary Modroo and Hardy as individuals for the purposes of defining coverage." *Id.* at 397. After considering the Federated policy and its ambiguity and the applicable law, this court concludes that Steve Avans and Pam Avans have UM/UIM coverage under the Federated policy.

*Federated's Argument that Steve Avans and Pam Avans did not Properly Comply with the Notice Provision of the Federated Policy is Erroneous*

Federated asserts that Steve Avans and Pam Avans "did not timely notify Federated of their proposed settlements with Alfa" as required by the Federated policy. Federated's Summary Judgment Brief at 17. The court rejects this argument. Federated denied the Avans' claim before it was even asserted, May 11, 2006, Letter, Exhibit J to Federated's Summary Judgment; Steve Avans' Depo. at 166-67, Exhibit A to Federated's Summary Judgment, and Alabama law provides that if the insurer "denies the claim of its insured without a good faith investigation into its merits," the insurer "waive[s] any right to subrogation against the tort-feasor or the tortfeasor's

---

    15571 HEMLOCK RD

    CHAGRIN FALLS OH 44022

On the same page as the Named Insured block, the policy contained the language, 'FORM OF BUSINESS: PARTNERSHIP.'" *Modroo*, 191 P.3d at 393.

insurer." *Lambert v. State Farm Mutual Auto. Ins. Co.*, 576 So.2d 160, 167 (Ala. 1991).

*Jeff Avans and Nova Hopkins are not Covered by the Federated Policy*

Jeff Avans is not entitled to UM/UIM benefits or coverage because he was not involved in the accident on April 23, 2006. *See* Accident Report, Exhibit B to Federated's Summary Judgment. Furthermore, Nova Hopkins is not entitled to UM/UIM benefits. She admits in her discovery responses that she is not making a claim for UM/UIM coverage under the policy at issue. Interrogatory Responses, Exhibit V to Federated's Summary Judgment.

## V. Conclusion

Having considered the foregoing and finding that plaintiff has failed to establish any genuine issue of material fact sufficient to allow this case to proceed to trial on its claims against defendants, the court **ORDERS** that defendants, Steve Avans' and Pam Avans' motion for summary judgment be and hereby is **GRANTED**. The court shall so rule by separate Order.

**DONE** and **ORDERED** this 23rd day of March 2009.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE